UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

Sunnyland Farms, Inc.  Case No: 11-14-10231-TA

Debtor.

### CIBOLA COUNTY'S OBJECTION TO DEBTOR'S MOTION FOR DETERMINATION THAT COUNTY OF CIBOLA WAS PROPERLY SERVED AND ITS PRE-PETITION CLAIM IS BARRED BY 11 U.S.C. § 1141(a)

**COMES NOW** the Board of County Commissioners of the County of Cibola ("Cibola County"), through its attorneys, Adren R. Nance and David M. Pato, Nance, Pato & Stout, LLC, and enters a special appearance in the above-referenced Proceeding. For its Objection to Debtor's Claim that Cibola County's Pre-Petition Tax Claim is Barred by 11 U.S.C. § 1141(a), Cibola County states:

1. Cibola County is a New Mexico county established as designated in NMSA 1978, Section 4-3A-1 (1981), with a business address of 515 West High Street, Grants, NM 87020.

2. Sunnyland Farms Incorporated ("Debtor") is a New Mexico corporation that owns and operated a hydroponic greenhouse complex in Grants, New Mexico.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Debtor's bankruptcy pursuant to 28 U.S.C. §§ 157, 1334.

4. Venue is proper pursuant to 28 U.S.C. § 1409.

## BACKGROUND

5. In 2006, Sunnyland Farms, Inc., property was assessed a value of $13,279,110, with a corresponding property tax bill of $149,474.09.

6. In 2007, Sunnyland Farms, Inc., property was assessed a value of $13,279,110, with a corresponding property tax bill of $149,216.36.

7. In 2008, Sunnyland Farms, Inc., property was assessed a value of $13,279,110, with a corresponding property tax bill of $150,452.32.

8. In 2009, Sunnyland Farms, Inc., property was assessed a value of $15,237,533 with a corresponding property tax bill of $179,043.39.

9. In 2010, Sunnyland Farms, Inc., property was assessed a value of $15,237,533, with a corresponding property tax bill of $168,510.23.

10. In 2011, Sunnyland Farms, Inc., property was assessed a value of $15,237,533, with a corresponding property tax bill of $172,542,69.

11. Sunnyland Farms, Inc. did not avail itself of the statutory process to protest the property assessment for the 2006, 2007, 2008, 2009, 2010, and 2011 property tax years, or otherwise petition the District Court for a refund of property taxes paid. See NMSA 1978, Section 7-38-24 (2003); Section 7-38-39 (1983).

12. In 2012, Sunnyland Farms, Inc., property was assessed a value of $15,237,533, with a corresponding property tax bill of $164,660.61.

13. Although Sunnyland Farms protested the assessed value of the property, they failed to return the signed withdrawal to the County Assessor's office reflecting their agreement to the adjusted value, and their value was not adjusted.

14. In 2013, Sunnyland Farms, Inc., property was assessed a value of $15,237,533.

15. Sunnyland Farms protested the assessed value, and the value of the property was adjusted to $2,110,946, with a corresponding property tax bill of $25,220.89.

16. In 2014, Sunnyland Farms, Inc., property was assessed a value of $2,174,275, with a corresponding property tax bill of $26,368.18.

17. In 2015, Sunnyland Farms, Inc., property tax was assessed a value of $2,230,633, with a corresponding property tax bill of $26,924.52.

18. Sunnyland Farms, Inc. did not avail itself of the statutory process to protest the property assessment for the 2014 or 2015 property tax years, or otherwise petition the District Court for a refund of property taxes paid. See NMSA 1978, Section 7-38-24 (2003); Section 7-38-39 (1983).

19. The total property taxes, delinquent interest, and penalties due and owing between the 2006 property tax year and the 2015 property tax year are $2,042,736.31.

**DEBTORS MOTION SHOULD BE DISMISSED DUE TO INSUFFICIENCY OF SERVICE OF PROCESS**

20. Rule 12(B)(5) of the FRCP provides for dismissal of a complaint based on insufficiency of service of process.

21. The Federal Rules of Bankruptcy Procedure Rule 7004(a)(1) provides that "[e]xcept as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) F.R.Civ.P. applies in adversary proceedings."

22. Rule 7004(a)(2) provides, in applicable part, that "[e]xcept as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)-(j) F.R.Civ.P., service may be made within the United States by first class mail postage prepaid as follows . . . Upon a state or municipal corporation or other governmental

organization thereof subject to suit, by mailing a copy of the summons and complaint to the person or office upon whom process is prescribed to be served by the law of the state in which service is made when an action is brought against such a defendant in the courts of general jurisdiction of that state, or in the absence of the designation of any such person or office by state law, then to the chief executive officer thereof."

23. Rule 4(j)(2) of the FRCP provides, in applicable part, that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

24. Rule 1-004(H)(1)(f) NMRA 2015 provides the framework for service upon a political subdivision of the State. Particularly, this Rule provides that "[s]ervice may be made upon the State of New Mexico or a political subdivision of the State . . . upon a county by serving a copy of the process to the county clerk." Rule 1-004(H)(1)(f) NMRA 2015.

25. None of the material attached by Debtor reflects that Debtor effectuated service in accordance with Rule 1-004(H)(1)(f) NMRA 2015, nor Rule 4(j)(2) of the FRCP.

26. Rather, the materials attached by Debtor reflect that Debtor mailed the Notices and Pleadings in this bankruptcy proceeding generally to the county offices, which consist of six different departments and over one hundred employees.

4

27. In support of Debtor's argument, Debtor contends that "Debtor's counsel called the Cibola County Treasurer and discussed the bankruptcy case and the County's claim." Debtor's Motion, at 2.

28. Debtor's counsel's discussion with the County Treasurer, however, does not constitute proper service for the purposes of the FRCP.

29. The framework for effectuating service upon the County is set forth in our Statutes, and provides insight as to the purpose of the specific service rules with respect to counties. NMSA 1978, § 4-46-2 (1953) provides that "[i]n all legal proceedings against the county, process shall be served on the county clerk, and whenever such suit or proceeding shall be commenced it shall be the duty of the clerk forthwith to notify the district attorney of the judicial district in which the county so sued is situate, and to lay before the board of county commissioners at their next meeting all the information he may have in regard to such suit or proceeding."

30. As a result of Debtor's failure to effectuate proper service in the instant matter, the County of Cibola never received legal notice.

31. Dismissal is appropriate pursuant to FRCP Rule 12(b)(5) based on Debtor's failure to effectuate proper service of process.

**COUNTY IS NOT BOUND BY CONFIRMED PLAN AS PROPERTY TAX DEBT IS EXPRESSLY EXCEPTED BY VIRTUE OF THE OPERATION OF 11 U.S.C. 1141(a)**

32. The County is not bound by the confirmed plan as the property tax debt is expressly excepted by virtue of the operation of 11 U.S.C. 1141(a).

33. 11 U.S.C.A. § 1141 provides that "[e]xcept as provided in subsections (d)(2) and (d)(3) of this section, the provisions of a confirmed plan bind the debtor, any entity

issuing securities under the plan, any entity acquiring property under the plan, and any creditor, equity security holder, or general partner in the debtor, whether or not the claim or interest of such creditor, equity security holder, or general partner is impaired under the plan and whether or not such creditor, equity security holder, or general partner has accepted the plan."

34. 11 U.S.C.A 1141(d)(2) provides that "[a] discharge under this chapter does not discharge a debtor who is an individual from any debt excepted from discharge under section 523 of this title."

35. 11 U.S.C.A. § 523(a)(1)(A) provides that "[a] discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- **(1)** for a tax or a customs duty--**(A)** of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]"

36. 11 U.S.C.A. 507(a)(8) describes, among other things, "a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

37. The vast majority of property taxes at issue here were incurred before the commencement of the case on January 30, 2014, and is therefore expressly excepted from discharge pursuant to 11U.S.C.A. 1141(d)(2).

## THE COUNTY HAS A LIEN ON THE REAL PROPERTY BY OPERATION OF LAW THAT PASSES THROUGH THE BANKRUPTCY UNAFFECTED

38. 11 U.S.C.A. 507(a)(8) further describes "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

6
Case 14-10231-t11    Doc 261    Filed 10/29/15    Entered 10/29/15 13:48:31 Page 6 of 16

39. The Bankruptcy Court has previously had occasion to consider whether New Mexico Law establishes a lien on a debtor's property to secure a property tax claim. In re Anita M. Hutt, No. 7-03-12936 (Mem. Op. re Objection to Claim filed by Trustee to Claim of Taos County Treasurer) (N.M. Bankr. Ct. 2015).

40. Under New Mexico law, property tax liens arise automatically through operation of law. NMSA 1978, Section 7-38-48 (2003).

41. NMSA 1978, Section 7-38-48 (2003) provides, in applicable part, that "taxes on real property are a lien against the real property from January 1 of the tax year for which the taxes are imposed. The lien runs in favor of the state and secures the payment of taxes on the real property and any penalty and interest that becomes due. The lien continues until the taxes and any penalty and interest are paid. The lien created by this section is a first lien and paramount to any other interest in the property, perfected or unperfected."

42. New Mexico jurisprudence further reflects that property tax liens arise automatically through operation of law. See, e.g., City of Sunland Park v. Santa Teresa Servs. Co., 134 N.M. 243, 255, 75 P.3d 843, 855 (Ct. App.), cert. denied, 134 N.M. 179, 74 P.3d 1071 (2003) ("Unknown at common law, tax liens are imposed by statute to help ensure payment of the taxes."); Coulter v. Gough, 80 N.M. 312, 31, 454 P.2d 969, 970 (Taxes are a charge against the land).

43. The Bankruptcy Court recognized that "[t]here is no provision in the law for the lien to be waived; the lien "continues" until all amounts due are paid." Hutt Mem. Op. at 6.

44. It has consistently been held that "security [of a secured creditor] [is] preserved notwithstanding the bankruptcy of his debtor." See, e.g., Long v. Bullard, 117 U.S. 617, 621 (1886).

45. While the County's election to not invoke or otherwise avail itself of the jurisdiction of this Court to file a Proof of Claim may preclude the County from participating in the distribution contemplated by the Debtor's Chapter 11 Plan, that does not justify the extinction of the County's claim which is secured by a lien by operation of law. See, e.g., In re Tanrow, 749 F.2d 464, 465 (7th Cir. 1984) (refusing to extinguish a secured creditor's lien where Proof of Claim was late filed); Estate of Lellock v. Prudential Ins. Co., 811 F.2d 186, 188 (3d Cir. 1987) (holding that while "an underlying debt is discharged in bankruptcy, the lien created before bankruptcy against property to secure that debt survives."); In re Andrews, 22 B.R. 623, 625 (Bankr.D.Del. 1982) (concluding that a secured creditor's "filing of a proof of claim [is] not necessary to preserve its status as a secured creditor if in fact it held valid pre-bankruptcy liens.").

46. The Courts have applied the same reasoning in many Chapter 13 cases. See, e.g., In re Owens, 67 B.R. 418, 425 (Bankr.E.D.Pa.1986); In re Bradshaw, 65 B.R. 556, 557–58 (Bankr.M.D.N.C.1986); and In re Work, 58 B.R. 868, 869–70 (Bankr.D.Ore.1986).

47. In In re Fernwood Markets, 76 B.R. 501, 503-04 (Bankr. E.D. Pa. 1987), the Court could "conceive of no reason why a secured creditor in a Chapter 11 proceeding should be treated more harshly than his counterpart in a Chapter 7 or a Chapter 13 case."

8
Case 14-10231-t11    Doc 261    Filed 10/29/15    Entered 10/29/15 13:48:31 Page 8 of 16

48. Under the Bankruptcy Act of 1898, a lien on real property passed through bankruptcy unaffected. The Supreme Court recently acknowledged that this was so. <u>Dewsnup v. Timm</u>, 502 U.S. 410, 418, 112 S. Ct. 773, 778, 116 L. Ed. 2d 903 (1992); see <u>Farrey v. Sanderfoot</u>, 500 U.S. 291, 297, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy").

49. The County's property tax lien that arose by operation of law similarly passed through Debtor's bankruptcy unaffected.

50. For the reasons stated herein, the County respectfully requests the denial of Debtor's Motion to Bar the County's pre-petition claim for property taxes.

## THE BANKRUPTCY COURT SHOULD ABSTAIN FROM HEARING THIS MATTER

51. This matter is appropriate for abstention out of respect for state processes and principles of federalism, as the Debtor's listing of the property tax debt as disputed attempts to circumvent New Mexico's comprehensive and exclusive statutory process for challenging a property tax assessment.

52. 28 U.S.C.A. § 1334(c)(1) provides for permissive abstention, providing, in applicable part, that "[e]xcept with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

53. The Courts have identified twelve factors relevant to discretionary abstention: 1. the effect or lack thereof on the efficient administration of the estate; 2. the extent

9

to which state law issues predominate over bankruptcy issues; 3. the difficulty or unsettled nature of applicable state law; 4. the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5. the jurisdictional basis, if any, other than section 1334; 6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7. the substance rather than the form of an asserted "core" proceeding; 8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; 9. the burden of the court's docket; 10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11. the existence of a right to a jury trial; and 12. the presence of non-debtor parties. In re LaRoche Indus., Inc., 312 B.R. 249, 253-54 (Bankr. D. Del. 2004).

54. Here, the debtor's bankruptcy case was closed over a half of a year ago, and the plan has been confirmed. Debtor renders no argument as to the effect this action will have on creditors or their recovery in this case. This factor favors abstention.

55. This Motion further implicates the presence and existence of a property tax lien that arises under state law. As state law issues predominate, this factor favors abstention.

56. The state law issues here are fairly straightforward, and neither novel nor unsettled. This factor does not favor abstention.

57. There is not yet a pending action in state court that deals with this issue, though Debtor remains at liberty to file an action in state court regarding the validity of the property tax lien. All the same, this factor favors abstention.

58. There is no independent basis for the Bankruptcy Court's jurisdiction over this matter. There is no federal question jurisdiction and no complete diversity between the parties. This factor favors abstention.

59. The only relationship between this Motion and the bankruptcy case is that it involves Debtor's challenge to the validity of the property tax lien, which had already arisen by operation of State law. The challenge is not inextricably, but rather tangentially related, to the bankruptcy proceeding. This factor weighs in favor of abstention.

60. The essence of this claim is a property tax dispute, not a bankruptcy law dispute. No substantive issues of bankruptcy law are involved. This factor favors abstention.

61. This matter appears to involve a core matter. This factor does not favor abstention.

62. The Court is tremendously overburdened. This action unnecessarily adds to that burden. This factor favors abstention.

63. Debtor's listing of its property tax debt as a disputed claim circumvents the exclusive state law process for contesting a property tax assessment. This factor weighs heavily in favor of abstention.

64. The County has a right to a jury trial in State Court. As the Bankruptcy Court is not authorized to conduct jury trials, this factor favors abstention.

65. One party to this action is a former debtor and one party is a non-debtor. The Court has held that "[m]erely having once been a debtor in a bankruptcy case is insufficient to require the bankruptcy court to continue to resolve all disputes involving that party. At some point the debtor has to leave the nest." In re LaRoche

Indus., Inc., 312 B.R. 249, 255 (Bankr. D. Del. 2004). This factor weighs in favor of abstention.

66. The majority of the factors weigh in favor of abstention.

67. NMSA 1978, § 7-38-21 (2015) provides that "[a] property owner may protest the value or classification determined for the property owner's property for property taxation purposes, the allocation of value of the property to a particular governmental unit or a denial of a claim for an exemption or for a limitation on increase in value either by:(1) filing, as provided in the Property Tax Code, a petition of protest with:(a) the administrative hearings office; or(b) the county assessor; or(2) filing a claim for refund after paying the property owner's taxes as provided in the Property Tax Code."

68. NMSA 1978, § 7-38-22 (2015) requires that "[p]etitions shall: (1) be filed no later than thirty days after the mailing by the division of the notice of valuation;(2) state the property owner's name and address and the description of the property;(3) state why the property owner believes the value, classification, allocation of value or denial of an exemption is incorrect and what the property owner believes the correct value, classification, allocation of value or exemption to be;(4) state the value, classification, allocation of value or exemption that is not in controversy; and (5) contain such other information as the administrative hearings office may by rule require."

69. NMSA 1978, Section 7-38-39 (1983) sets forth the alternate procedure for challenging an assessment, and provides that "[a]fter receiving his property tax bill and after making payment prior to the delinquency date of all property taxes due in

accordance with the bill, a property owner may protest the value or classification determined for his property for property taxation purposes, the allocation of value of his property to a particular governmental unit, the application to his property of an administrative fee adopted pursuant to Section 7-38-36.1 NMSA 1978 or a denial of a claim for an exemption by filing a claim for refund in the district court."

70. Debtor failed to avail itself of either of these statutory processes, but rather seeks to invoke the jurisdiction of this Court to determine a State Law issue.

### **FAILURE TO PROVIDE NOTICE TO THE STATE**

71. Moreover, even were the Court to determine that the County of Cibola were required to have submitted a Proof of Claim provided Debtor's listing of the County of Cibola's claim as disputed, the Debtor failed to schedule the State of New Mexico's property tax claim as disputed.

72. The State cannot be bound by the Plan if it did not receive notice. Reliable Electric Co. v. Olson Constr. Co., 726 F.2d 620 (10th Cir. 1984) (holding that the failure to schedule a creditor and the failure to give the creditor reasonable notice of the confirmation hearing and that its claim was substantially impaired violated due process).

### **IN THE EVENT THIS COURT DETERMINES THAT CIBOLA COUNTY WAS REQUIRED TO FILE A PROOF OF CLAIM TO PRESERVE ITS INTEREST IN UNPAID PROPERTY TAXES, THE COUNTY RESPECTFULLY REQUESTS THAT THE COURT GRANT LEAVE TO FILE A CLAIM**

73. Debtor seeks an order determining that Cibola County does not have a claim for pre-petition taxes on the basis that the County "failed to file a proof of claim by November 4, 2014."

13

Case 14-10231-t11    Doc 261    Filed 10/29/15    Entered 10/29/15 13:48:31 Page 13 of 16

74. Under any circumstances, the County was not required to file a proof of claim by November 4, 2014.

75. Debtor scheduled the County of Cibola's property tax claim in the amount of $2,381,904.24, as disputed in its Notice of Disputed, Contingent, or Unliquidated Claim and Notice of Deadline for Filing Proof of Claim on June 18, 2014.

76. The Instructions on the Notice of Deadline for Filing Proofs of Claim and Interests, attached to Debtor's Motion as Exhibit C, provides, in pertinent part, that "you must file a Proof of Claim by August 4, 2014 (the "General Bar Date") in the following circumstances . . . [i]f the Debtor scheduled your claim as disputed, contingent and/or unliquidated."

77. Exhibit C also details the Bar Date for Governmental Units, and provides that "[i]f you are a governmental unit, the last day for filing proofs of claims is the later of (i) the General Claims Bar Date; or (ii) 180 days after the date of order of relief."

78. On April 8, 2015, the Court entered an Order Confirming Debtor's Chapter 11 Plan (Docket No. 209).

79. Pursuant to the Instructions on the Notice, and assuming that the Debt was not otherwise excepted by virtue of the operation of 11 U.S.C. 1141(a), which the County contests below, the County would not have been required to file a proof of claim until October 5, 2015.

80. This Motion was filed October 8, 2015.

81. Provided Debtor's failure to effectuate proper service of process, the County was deprived of its opportunity to file a Proof of Claim.

82. Debtors failure to effectuate proper service provides good cause for permitting the County leave to file a Proof of Claim should the Court determine such a Proof of Claim to be required to preserve the County's interest in unpaid property taxes.

**WHEREFORE**, Cibola County prays for the following relief:

A. An Order Dismissing Debtor's Motion for Failure to Effectuate Proper Service;

B. An Order denying Debtor's Motion for a determination that the County's pre-petition claim is barred by 11 U.S.C. 1141(a) on the basis that County's pre-petition claim was expressly excepted by 11 U.S.C. 1141(a);

C. A determination that the County's statutory tax lien passes through the bankruptcy unaffected;

D. An Order dismissing Debtor's Motion and to abstain from hearing this action;

E. An Order Dismissing Debtor's Motion for its Failure to list the State's Claim in Unpaid Property Taxes as Disputed;

F. Alternatively, an Order granting the County Leave to File a Proof of Claim based on Debtor's failure to Effectuate Proper Service; and

G. For such other and further relief as the Court deems just and proper.

Dated this 28th day of October, 2015.

Respectfully Submitted,

Nance, Pato & Stout, LLC

By: *Adren R. Nance*
    Adren R. Nance
    David M. Pato
    P.O. Box 772
    Socorro, NM 87801
    (575) 838-0911
    (866) 808-1165 (facsimile)
    dave@npslawfirm.com

    Attorney for Board of County
    Commissioners of the County of Cibola

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2015 I caused a true and correct copy of the foregoing pleading to be filed electronically through the CM/ECF system.

*Adren R. Nance*
_____